No. 33
CZERWINSKI v. WARD SONS CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7169. Decided Nov. 15, 1926

480. EVIDENCE—Where an exhibit consisting of a pencil sketch and presumably made by counsel is depended upon to require the submission of a case to the jury; the exhibit is clearly incompetent and cannot be considered in determining whether there was a scintilla of evidence where there is no testimony tending to show that the exhibit was accurate and made by a person with sufficient knowledge of the circumstances that he was able to produce it.

SULLIVAN, J.

The basis of recovery in this case is an automobile collision at the intersection of two streets in the city of Cleveland, and Dyonizy Czerwinski alleged that the truck of The Edgar Ward & Sons Co., was operated at a speed greater than was reasonable and proped; failure to slow down and failure to exercise ordinary care and to stop before striking plaintiff.

The Cleveland Municipal Court directed a verdict for the Company and upon error being prosecuted, the Court of Appeals held:

1. It is clear that the plaintiff failed to establish by competent evidence any of the allegations of negligence enumerated by him in his statement of claim.

2. The effect of the evidence is for the jury, but whether there is any evidence direct or circumstantial, is a question of law. 83 OS. 136.

3. A trial judge is not warranted in submitting a case involving damages to a jury where the evidence is of such inherent and manifest weakness that it is impossible for the court to say that the accident happened in the manner claimed by the plaintiff. 10 C. C. (N. S.) 149.

4. It is claimed that under an exhibit, consisting of a pencil sketch apparently made by counsel, in connection with the testimony, there was a scintilla of evidence.

5. The exhibit itself was not competent, for the reason that there was no testimony of a credible nature tending to show that the exhibit was accurate and made by a person with such a sufficient knowledge of the circumstances that he was able to produce it.

6. This situation makes the exhibit clearly incompetent and cannot be considered in determining whether there was a scintilla of evidence for the jury.

Judgment therefore affirmed.

Attorneys—J. B. Dworken for Czerwinski; Wm. H. Thomas for Company; both of Cleveland.